In re Jay Philip SOLKOW, Debtor.

Bankruptcy No. 891–84207–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

March 28, 1994.

Stan Y. Yang, Scott Y. Stuart, Garden City, NY, Office of the U.S. Trustee.

James T. Meyer, Law Offices of Mark J. Alonso, New York City, for creditor Shearson.

Michael H. Stone, Sr. Vice President and Associate Gen. Counsel, New York City, for Dean Witter Reynolds, Inc.

John E. Lawlor, Present Atty., Garden City, NY, Craig D. Robins, Previous Atty., Westbury, NY, for debtor.

Marc Stuart Goldberg, New York City, Chapter 7 Trustee.

Harry Albirt, Sr. Arbitration Counsel, New York City.

Theodore A. Levine, Gen. Counsel, New York City, for PaineWebber, Inc.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court [1] upon a motion ("Motion") by creditor Shearson

---

1. The Court has jurisdiction over this case pursu-  ant to sections 157(a), 157(b)(1) and 1334(a) of

Lehman Brothers, Inc. ("Shearson"), for an Order: (1) vacating the order granting discharge to the above-referenced debtor ("Debtor"); (2) granting Shearson leave to file a proof of claim; (3) vacating the automatic stay to allow Shearson to prosecute its claim; and (4) granting such other further and different relief as the Court deems just and proper.

## RELEVANT FACTS AND LEGAL ANALYSIS

Debtor is a former stockbroker, previously employed by Shearson. On September 25, 1991, Debtor filed a voluntary petition for bankruptcy relief under chapter 7 of title 11, United States Code ("Bankruptcy Code" or "Code"). Debtor's case was designated as a no-asset case by our Clerk's Office. Fed. R.Bankr.P. 2002(e) (1994). The last date to file a complaint objecting to discharge of Debtor or to determine the dischargeability of any individual debts was fixed as January 17, 1992 ("Bar Date"). *See* Fed.R.Bankr.P. 4004(a), (c), 4007(a)-(c) (1994).

On January 30, 1992, thirteen days after the Bar Date, Debtor filed an ex parte application for an order authorizing Debtor to amend his schedules to include three creditors not originally included in his bankruptcy petition or schedules: Dean Witter Reynolds, Inc., Paine Webber, Inc. and Shearson (cumulatively, the "Added Creditors"). By order dated January 31, 1992, the Court granted the application to include the Added Creditors ("Amending Order"). Among other things, the Amending Order required that Debtor serve upon the Added Creditors a copy of the Amending Order and copies of all notices previously sent to creditors in the case, and to file an affidavit of service in compliance therewith. (The requirements are fully detailed below at 3–4.)

Debtor subsequently filed an affidavit detailing the manner in which he attempted to comply with the Amending Order. Debtor states in the affidavit that he sent a copy of the Amending Order upon the Added Credi-

tors by first class mail to the following destination:

Dean, Witter, Reynolds, Inc.

Shearson, Lehman, Brothers, Inc.

Paine, Webber, Inc.

c/o Harry Albirt, Esq.

Senior Arbitration Counsel

New York Stock Exchange

20 Broad Street, 5th Floor

New York, New York 10005

Debtor's Affidavit of Mailing in Compliance with Amending Order, dated February 3, 1992, at 1; *see also* Debtor's Application to Amend Schedules, dated January 20, 1992, at 1 (Added Creditors again listed in care of Senior Arbitrator at New York Stock Exchange). Although required by the Amending Order, Debtor did not attempt to serve upon the Added Creditors all other notices previously sent to creditors in the case. The Court has not been informed why, but Debtor did include in his correspondence a copy of the amended schedule F and matrix.

By order dated May 5, 1992, Debtor was granted a discharge of all dischargeable debts ("Discharge Order"). Fed.R.Bankr.P. 4004(c) (1994).

On May 21, 1992, Shearson filed its Motion. Shearson alleges that it holds a claim against Debtor arising from Debtor's conversion of $75,000 of client funds while Debtor was in Shearson's employ as a stockbroker. Shearson contends in its Motion that it did not receive notice of Debtor's bankruptcy petition and should therefore be granted an order vacating the Discharge Order, giving it leave to file a proof of claim and vacating the automatic stay so it may prosecute its claim against Debtor. Because Debtor neglected to give it notice of his bankruptcy filing, Shearson has not had an opportunity to participate in the case.

Debtor's response to Shearson's Motion merely addresses the merits of Shearson's claim. Debtor claims that no fraud occurred, that Shearson has shown insufficient evidence to sustain a claim of fraud, and that Shearson failed to comply with the procedur-

title 28, United Stated Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the

Eastern District New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (G), and (O) of title 28.

al requisites for asserting a fraud claim. Debtor utterly fails in his response to confront the *substance* of the relief requested in the Motion. The Court will nevertheless examine the relief requested by Shearson.

It is therefore necessary for the Court to assess the status of both the Amending Order and of Shearson in Debtor's case.

## A. The Status of the Amending Order

As stated above, Debtor's Application to Amend Schedules was granted by the Amending Order which permitted Debtor to include the Added Creditors in schedule F. The Amending Order, which itself is a proposed form written and submitted to the Court by Debtor, gave Debtor four obligations; it provided:

[1] ORDERED, That the debtor file with the Court an amended matrix and an original and three copies of the schedules as amended by this Order;

[2] That the debtor serve a copy of this Order upon the above creditors, together with copies of all notices previously sent to creditors herein;

[3] That the debtor further serve a copy of the Order upon the Trustee within ten days;

[4] and That the debtor thereafter file with the Court proof that all such service has been made.

Order Authorizing Debtor to Amend Schedule F, dated January 31, 1992.

■ As to Debtor's first obligation arising from the Amending Order, Debtor performed what is ordinarily the routine act of annexing the amended schedule and matrix to the order and application. But this act did not comply with the Amending Order. First, Debtor did not label the schedule or matrix as having been amended. Second, Debtor did not file the three copies of the amended schedules. Third, Debtor altered the names of the Added Creditors in the new schedules from that used in his Application to Amend and his proposed Order. Thus, in his Application to Amend Schedules, Debtor specified the Added Creditors as being:

Dean, Witter, Reynolds, Inc.

Shearson, Lehman, Brothers, Inc. and

Paine, Webber, Inc.

c/o Harry Albirt, Esq.

Senior Arbitration Counsel

New York Stock Exchange, Inc.

20 Broad Street, 5th Floor

New York, New York 10005

Amount: 3 million dollars—(contingent & disputed) [.]

Debtor's Application to Amend Schedule F, dated January 20, 1992. But in the schedule annexed to his Application to Amend Schedules, which should have been identified as Debtor's amended schedule F, Debtor instead lists the Added Creditors in precisely the following way:

10. Account No.

Dean, Witter, & Shearson, Contingent & Unliquidated claim $UNKNOWN

Lehman, & Paine, Webber c/o

Harry Albirt, Esq. 20 Broad St

New York, NY 10005

Harry Albirt, Esq. Representing: Dean, Witter, & Shearson

New York Stock Exchange

20 Broad St., 5th Floor

New York, NY 10005

Debtor's Schedule F Annexed to Order and Application to Amend Schedule F.

Debtor again altered the names of the Added Creditors in the matrix Debtor annexed to his Application to Amend Schedule F (which also should have been labeled as having been amended); Debtor listed the Added Creditors in the following way:

Dean, Witter, & Shearson,

Lehman, & Paine, Webber c/o

Harry Albirt, Esq. 20 Broad St. 5th Floor

New York, NY 10005

· · · · ·

Harry Albirt, Esq.

New York Stock Exchange

20 Broad St., 5th Floor

New York, NY 10005

Debtor's Matrix Annexed to Order and Application to Amend Schedule F.

The Court holds that Debtor's methods of listing the Added Creditors are fatally inconsistent with his Application to Amend Schedules. The Application implies that Debtor is asking leave to amend schedule F to include three creditors; but Debtor then groups them as one entity. Debtor separately lists Harry Albirt, Esq. as a creditor on the matrix, without reason. Neither the amended schedule F nor the amended matrix provides the full name of any Added Creditor. Finally, the name of each Added Creditor differs from that Creditors's name as listed in the Application to Amend Schedules.

The Court holds that Debtor failed to comply with that provision of the Amending Order which provided that Debtor file an amended schedule F and matrix and three copies.

■ We next address whether Debtor fulfilled the requirement that he serve the Added Creditors with a copy of the Amending Order (noting again that Debtor failed to serve the Added Creditors with all other notices sent to creditors in the case). Debtor sought to comply with this service provision, and to give notice of his having sought bankruptcy relief to the Added Creditors possibly holding an aggregate of $3 million dollars in claims against him, by serving the Added Creditors in care of an arbitration attorney at the New York Stock Exchange.

The Court holds that Debtor has not served the Added Creditors and we next establish why.

Pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") service of a summons and complaint upon a domestic corporation may be made by first class mail, postage prepaid by:
> ... mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed.R.Bankr.P. 7004(b)(3) (1994).

■ In correlation with Rule 7004, Bankruptcy Rule 7005 governs service of all pleadings and other papers. Fed.R.Bankr.P. 7005 (1994). This latter Bankruptcy Rule does not alter the requirements of Bankruptcy Rule 7004(b)(3). It merely adds a requirement that service also be made upon a party's attorney where any party is so represented. Fed.R.Bankr.P. 7005(b) (1994). The Court holds, therefore, that when "service" of other papers is to be made, such service shall be accomplished as provided in Bankruptcy Rule 7004(b)(3). Fed.R.Bankr.P. 7004(b)(3), 7005 (1994).

Accordingly, in the instant case, Debtor would have had to serve the Added Creditors, all domestic corporations, by making service by first class mail, postage prepaid, to the attention of an officer, a managing or general agent or to any other agent authorized by appointment by each Added Creditor, or an agent authorized by law to receive service of process. Fed.R.Bankr.P. 7004(b)(3) (1994). If the Added Creditors are represented by counsel, and the Court will assume that these large, publicly traded organizations are, Debtor would have had to serve that attorney as well. Fed.R.Bankr.P. 7005 (1994).

The destination to which Debtor made service upon the Added Creditors was not in compliance with the applicable Bankruptcy Rules. Service was not made to the attention of an officer, managing or general agent or any appropriate person.

■ As to service upon the senior arbitration counsel for the New York Stock Exchange, the Court holds that this constituted a deliberate fraud upon the Court. Neither the arbitration board of the New York Stock Exchange, nor or its counsel, is affiliated with the Added Creditors. Not one of these entities was designated by an Added Creditor as an agent authorized to receive service.

The law governing service upon a corporation is remedial. The Added Creditors are large well-known corporations with numerous branch offices. Service upon them was made in a clearly incorrect manner. The Court finds that service was deliberately misdirected. Consequently, Debtor did not properly serve the Added Creditors (nor was a valid or genuine attempt made).

The Amending Order further required that Debtor serve the chapter 7 trustee with a copy of the Amending Order, and, finally, that Debtor file an affidavit of proof that all such service had been made. These latter duties have been technically complied with and need not be further discussed.

■ In summary, Debtor sought relief from the Court in the form of an order allowing him to add three creditors and discharge their possibly $3 million dollars in claims against him. Debtor originally forgot to list the Added Creditors in his bankruptcy petition and schedules and then inexcusably served them incorrectly and in a manner calculated to misdirect service in any event.

The Court holds that it is essential to vacate the Amending Order for Debtor's having failed to comply therewith in bad faith. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, *passim* (9th Cir. 1986) (bankruptcy court properly revoked confirmation order based upon debtor's lack of good faith even though not requested to do so by party in interest).

We next analyze the status of Shearson.

## B. Status of Shearson in Debtor's Case

A debtor may amend a "voluntary petition, list, schedule, or statement . . . as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." Fed.R.Bankr.P. 1009(a) (1994). In the case at bar, Debtor sought permission to so amend, but failed to comply with the order allowing him to amend, and that order has been vacated. Presumably, Debtor could again attempt to amend the list of creditors accompanying his bankruptcy petition.

But the benefit of the general right to amend, afforded by Bankruptcy Rule 1009(a), however, is seriously curtailed by section 523 of the Bankruptcy Code. Pursuant to section 523(a)(3), an individual debtor does not receive a discharge from any debt:

> neither listed nor scheduled under section 521(1) of this title, with the name, if known

to the debtor, of the creditor to whom such debt is owed, in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request. . . .

11 U.S.C. § 523(a)(3) (1994).

■ The types of debts within the purview of section 523(a)(3)(B) include those relating to false pretenses, actual fraud, a false representation, or fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, or willful and malicious injury. *Id.* § 523(a)(2), (4), (6) (1994).

■ Thus, the status of creditors added to a debtor's petition is dictated by statute rather than by an order authorizing such debtor to amend his or her schedules. Even where a debtor is authorized to amend a bankruptcy petition to add creditors, if the claims of such creditors are of the kind specified in paragraph (2), (4) or (6) of section 523(a), then such claims are discharged *only* if these debts are listed or scheduled (with the name of such creditor, if known to the debtor) in time to permit both the timely filing of a proof of claim and a timely request for a determination of dischargeability of such debts. 11 U.S.C. § 523(a)(3)(B) (1994).

■ In the case at bar, Shearson alleged that it had no notice or actual knowledge of Debtor's case, and this was not disputed by Debtor. Shearson alleges that its claim arises from Debtor's conversion of client funds while Debtor was employed as a stockbroker for Shearson. Its claim is of the kind specified in paragraph (4) of section 523(a), which excepts from discharge debts for embezzlement or larceny[2]. *Id.* § 523(a)(4)

---

2. Debtor disputes the merits of Shearson's claim, but his opposition strengthens the concept that

Shearson should have been given notice of Debtor's case in time to permit it to timely file a

(1994). Debtor obviously knew the name of Shearson, his former employer. Finally, Debtor neither listed nor scheduled Shearson in time to permit Shearson to both timely file a proof of its claim and timely request a determination of the debt allegedly owed it. (Though a proof of claim may still be filed, the final date upon which a timely complaint to determine the dischargeability of any debts, previously defined above as the Bar Date, was January 17, 1992.) Accordingly, the debt to Shearson falls within section 523(a)(3)(B) of the Bankruptcy Code, and Debtor's discharge, dated May 5, 1992, did not constitute a discharge of the debt. 11 U.S.C. § 523(a)(3) (1994).

■■■■■ With these determinations made, the Court returns to address the relief specifically requested. Shearson sought an order vacating the discharge, dated May 5, 1992, of Debtor. Because the Discharge Order has no bearing upon Shearson, there exists no reason to vacate it (assuming Shearson even has standing to request this relief). As to its request for leave to file a proof of claim, the time has not expired [3] and the Court finds no reason to deny this request so that the records accurately note Shearson's previously unlisted claim and that Shearson later may be notified of uncovered funds, if any. *See* Fed.R.Bankr.P. 3002(c)(5) (1994). Finally, there is cause to modify the automatic stay to allow Shearson to prosecute its claim in the proper forum. 11 U.S.C. § 362(d)(1) (1994).

For all the reasons given, the Court holds that: (1) the Amending Order, which authorized Debtor to amend his schedules and matrix to add Shearson and other creditors (the Added Creditors), is **VACATED;** (2) Shearson's request for an order vacating the discharge of Debtor is **DENIED;** (3) by the Discharge Order, dated May 5, 1992, Debtor was **NOT DISCHARGED** of the debt owed Shearson, 11 U.S.C. § 523(a)(3)(B) (1994); (4) Shearson is **GRANTED** leave to file proof

complaint to determine dischargeability of the debt.

**3.** In a no-asset chapter 7 liquidation case, as in the instant case, creditors may be notified that it is unnecessary to file claims unless further notice is received. Fed.R.Bankr.P. 2002(e) (1994). If

of its claim on or before April 29, 1994; and (5) Shearson is **GRANTED** relief from the automatic stay to pursue its claim against Debtor in the appropriate forum.

**SO ORDERED.**

the trustee subsequently notifies "the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice." Fed.R.Bankr.P. 3002(c)(5) (1994).